Ryan Skiver, State Bar No. 024552
Kellen Bradley, State Bar No. 030055
**SKIVER BRADLEY, PLLC**
3943 East Whitton Avenue
Phoenix, Arizona 85018
Tel: (480) 626-1667
Fax: (480) 482-7285
rskiver@skiverbradley.com
kbradley@skiverbradley.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tatyana Fadeyeva, a single woman, on her own behalf, as surviving spouse of Alexandr Silin, deceased, | Case No.: 2:25-cv-00085-JJT |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| Bynum Transport, Inc., a foreign Corporation, Bynum Leasing, Inc., a foreign Corporation, Cedric Anthony Johnson and Jane Doe Johnson, husband and wife; John and Jane Does I-X; Black Corporations IX; and White Corporations I-X, | |
| Defendants. | |

Plaintiff, Tatyana Fadeyeva, ("hereinafter "Plaintiff" or "Ms. Fadeyeva") on her own behalf, as surviving spouse of Alexandr Silin (hereinafter "Decedent"), by and through undersigned counsel, for her first amended complaint against Defendants Bynum Transport, Inc., (hereinafter "Defendant Bynum Transport"), Bynum Leasing,

Inc. (hereinafter "Defendant Bynum Leasing"), and its driver Cedric Anthony Johnson (hereinafter "Defendant Johnson"), states and alleges as follows:

## DAMAGE TIER

1.    Plaintiff's damages qualify for discovery under Tier 3 of the Arizona Rules of Civil Procedure 26.2.

## PREFACE

2.    This case involves a dangerous trucking company whose conduct fell below industry standards by not having or enforcing adequate policies, practices, and procedures to qualify, train, and supervise its drivers, which led to its driver's failure to pay attention while driving, resulting in a fatal rear end collision.

3.    The wrongful death occurred on Interstate 10 at milepost 103, in Tonopah, Arizona on May 24, 2023, at or around 5:58 p.m., when a commercial truck owned by Defendant Bynum, hauling a commercial tanker owned by Bynum Leasing, Inc.  and operated by its driver, Defendant Johnson, smashes into the rear of Decedent's tractor at a high rate of speed and causes decedent's death.

## PARTIES, JURISDICTION & VENUE

4.    Plaintiff resides in the State of Illinois, and is the surviving wife of the Decedent. Pursuant to *Arizona Revised Statutes § 12-612*, Ms. Fadeyeva is a proper person to assert a wrongful death claim for the wrongful death of her husband, the Decedent. Plaintiff brings this wrongful death claim individually, as a proper statutory beneficiary.

5.    At the time of the crash, the Decedent was a member of the motoring public.

6.    Upon information and belief, Defendant Bynum Transport is a foreign corporation with its principal place of business located at: 70 Thornhill Road, Auburndale, Florida, 33823 and United States Department of Transportation (USDOT) number 105899. At all times relevant, Defendant Bynum Transport was authorized and did conduct business in Arizona.

7.    Defendant Bynum Transport uses a blanket company called Truck Process Agents of America, Inc. to save time and eliminate the need to find individual agents for multiple states.

8.    Defendant Bynum Transport's Arizona process agent is located at: 2929 N. 44th Street, Suite 120 Phoenix, AZ 85018.

9.    Defendant Bynum Transport was at all times relevant engaged in interstate commerce as a commercial motor carrier subject to the Federal Motor Carrier Safety Administration (FMCSA) Rules and Regulations as well as Commercial Motor Vehicle Rules of the Road of the State of Arizona.

10.    Upon information and belief, Defendant Bynum Leasing, Inc. is a foreign corporation with its principal place of business also located at: 70 Thornhill Road, Auburndale, Florida 33823. At all times relevant, Defendant Bynum Leasing was authorized and did conduct business in Arizona.

11.    Defendant Bynum Leasing's process agent, Todd Bynum, is located at: 70 Thornhill Road, Auburndale, Florida 33823.

12.    Defendant Bynum Leasing was at all times relevant, an equipment provider that negligently provided a tanker to Defendant Bynum Transport.

13.    At all times material to this action, Defendant Johnson was a commercial truck driver, driving for Defendant Bynum Transport.

14.    Upon information and belief, Defendant Johnson resides in the State of Florida and, at all times relevant, was married to Jane Doe Johnson. Plaintiff may ask leave of this Court to amend this Complaint to insert the true name of Defendant Jane Doe Johnson when it becomes known to Plaintiff.

15.    Defendant Johnson was acting in the course and scope of his employment with Defendant Bynum Transport as its agent and employee such that Defendant Bynum Transport is liable for Defendant Johnson's acts and omissions under principles of agency law, vicarious liability, and respondeat superior.

16.    Upon information and belief, at all times relevant, Defendant Bynum Transport employed Defendant Johnson to haul freight.

17.    Defendant Johnson was the operator of a red 2023 Peterbilt commercial tanker truck, with Vehicle Identification Number (VIN) 1XPBD49XXPD806241 for the truck and VIN 5WSABB238KN090726 for the tanker (hereinafter "Commercial Tanker Truck").

18.    All acts of Defendant Johnson were done for and on behalf of himself, individually, the community comprised of himself and Jane Doe Johnson, and/or in his capacity as an operator of the subject Commercial Tanker Truck.

19.    Defendants are all separately comparatively negligent for their own, separate negligent acts and/or omissions.

20.    Pursuant to *Arizona Revised Statutes § 12-2506*, the negligent acts and/or omissions of each Defendant must be compared to the negligent acts and/or omissions of every other Defendant to determine the Defendants' relative degrees of fault.

21.    Defendants JOHN and JANE DOES I-X; BLACK and WHITE CORPORATIONS I-X, are persons, partnerships, corporations or unincorporated associates subject to suit in a common name whose names are unknown to Plaintiff and are therefore designated by fictitious names. Plaintiff will ask leave of the Court to substitute the true names of the said parties prior to the entry of Judgment herein, who are wholly or partially responsible for the acts complained of including selecting and putting a dangerous trucking company on the roadway to haul their load.

22.    On information and belief, at all relevant times, each of the Defendants BYNUM TRANSPORT, BYNUM LEASING, CEDRIC JOHNSON, JOHN and JANE DOES I-X, BLACK and WHITE CORPORATIONS I-X, inclusive, were agents, servants, employees, successors in interest, and/or joint ventures of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as principal, was negligent in the selection, hiring, supervision, training, and retention, of each and every other Defendant as an agent, servant, employee, successor in interest, and/or joint venture contributing to Plaintiff's damages as alleged herein.

23.     Defendant Bynum Transport was properly served with process in this civil action.

24.     Defendant Bynum Leasing was properly served with process in this civil action.

25.     Defendant Johnson was properly served with process in this civil action.

26.     The court has jurisdiction over this matter and venue is proper.

## **GENERAL ALLEGATIONS**

27.     Plaintiffs reincorporate and re-allege each preceding paragraph as if fully set forth herein.

28.     At all times relevant, Defendants Bynum Transport, Bynum Leasing, and Johnson enter into a joint enterprise or concerted action.

29.     At all times relevant, Defendants Bynum Transport and Bynum Leasing are not separate in practice, but operate from the same principal address, have the same corporate president, both exercise control over defendant Johnson, the commercial vehicle, the tanker, and the transport operation, both are named insureds under multiple liability insurance policies applicable to the damage alleged herein, both share profits and losses from the transport operation and/or the structure of the leasing and transport arrangement which effectively results in shared economic benefit and risk.

30.     The tanker truck involved in the collision is leased by Bynum Leasing to Bynum Transport, but both companies are engaged in the business of commercial transportation using the same equipment and each retained control.

31.    Defendant Johnson operates the commercial vehicle as part of the business arrangement between Defendants Bynum Leasing and Bynum Transport, and both companies have the right to control Defendant Johnson's actions leading up to the collision.

32.    The lease and transport arrangement among Defendants Bynum Leasing and Bynum Transport is for mutual commercial benefit, and both entities derive financial benefit from the operation.

33.    The ongoing relationship among Defendants Bynum Leasing and Bynum Transport and shared operations constitute a joint venture under Arizona law, or, alternatively, an agency relationship sufficient for both to be held vicariously liable.

34.    Defendant Bynum Transport has a duty to write, create or otherwise enact and have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards. 49 CFR §383.110; 383.111; 383.113.

35.    The FMCSA compiles data. Upon information and belief, the SAFER website of the FMCSA displays the following summary of violations of Defendant Bynum Transport based on a 24-month record ending January 26, 2024:

| Violations | Description | # Violations | # OOS Violations | Violation Severity Weight | BASIC |
|---|---|---|---|---|---|
| 392.16 | Failing to use seat belt while operating a CMV | 1 | 0 | 7 | Unsafe Driving |
| 392.22(a) | Failing to use hazard warning flashers | 2 | 0 | 1 | Unsafe Driving |
| 392.2C | Failure to obey traffic control device | 4 | 0 | 5 | Unsafe Driving |
| 392.2DH | Headlamps - Failing to dim when required | 1 | 0 | 3 | Unsafe Driving |
| 392.2LC | Improper lane change | 1 | 0 | 5 | Unsafe Driving |
| 392.2LV | Lane Restriction violation | 5 | 0 | 3 | Unsafe Driving |
| 392.2PK | Unlawfully parking and/or leaving vehicle in the roadway | 2 | 0 | 1 | Unsafe Driving |
| 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit. | 12 | 0 | 4 | Unsafe Driving |
| 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit. | 9 | 0 | 7 | Unsafe Driving |
| 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit. | 2 | 0 | 10 | Unsafe Driving |
| 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone. | 3 | 0 | 10 | Unsafe Driving |
| 392.80(a) | Driving a commercial motor vehicle while Texting | 1 | 0 | 10 | Unsafe Driving |
| 392.82(a)1 | Using a hand-held mobile telephone while operating a CMV | 2 | 0 | 10 | Unsafe Driving |
| 392.82DUMT | Driver - Using a hand-held mobile telephone. | 1 | 0 | 10 | Unsafe Driving |
| 395.20B | The ELDs display screen cannot be viewed outside of the commercial motor vehicle. | 1 | 0 | 5 | HOS Compliance |
| 395.24C2II | Driver failed to manually add the trailer number | 2 | 0 | 1 | HOS Compliance |
| 395.24C2III | Driver failed to manually add shipping document number | 1 | 0 | 1 | HOS Compliance |
| 395.30B1 | Driver failed to certify the accuracy of the information gathered by the ELD | 3 | 0 | 1 | HOS Compliance |
| 395.3A3-PROP | Driving beyond 11 hour driving limit. (Property Carrying Vehicle) | 1 | 0 | 7 | HOS Compliance |
| 395.8 | Record of Duty Status violation (general/form and manner) | 1 | 0 | 1 | HOS Compliance |
| 395.8A-ELD | ELD - No record of duty status (ELD Required) | 1 | 1 | 5 | HOS Compliance |
| 395.8(e)(1)PC | False Record of Duty Status - Improper use of Personal Conveyance Exception | 1 | 0 | 7 | HOS Compliance |
| 383.23A2-LCDLN | License (CDL) - Operate a CMV and does not possess a valid CDL. | 1 | 1 | 8 | Driver Fitness |
| 383.51A-SOUT | Driving a CMV while CDL is suspended for safety-related or unknown reason and outside the state of driver's license issuance | 2 | 2 | 5 | Driver Fitness |
| 392.5(a)(3) | Driver having possession of alcohol while on duty, or operating, or in physical control of a CMV | 1 | 1 | 3 | Drugs/Alcohol |
| 392.2WC | Wheel (Mud) Flaps missing or defective | 2 | 0 | 1 | Vehicle Maint. |
| 393.11TL | Truck-Tractor lower rear mud flaps retroreflective sheeting / reflex reflective material requirements for vehicles manufactured after July 1997 | 1 | 0 | 3 | Vehicle Maint. |
| 393.11UR | Upper Rear retroreflective sheeting or reflex reflecting material requirements for vehicles manufactured after December 1993 | 1 | 0 | 3 | Vehicle Maint. |
| 393.19 | Inoperative/Defective Hazard Warning Lamp | 2 | 0 | 6 | Vehicle Maint. |
| 393.205(a) | Wheel/rim cracked or broken | 1 | 1 | 2 | Vehicle Maint. |
| 393.207(a) | Axle positioning parts defective/missing | 1 | 1 | 7 | Vehicle Maint. |
| 393.207(f) | Air suspension pressure loss | 1 | 0 | 7 | Vehicle Maint. |
| 393.209(e) | Power steering violations | 2 | 0 | 6 | Vehicle Maint. |
| 393.45 | Brake tubing and hose adequacy | 1 | 0 | 4 | Vehicle Maint. |
| 393.45(b)(2) | Brake hose or tubing chafing and/or kinking | 5 | 0 | 4 | Vehicle Maint. |
| 393.45B2PC | Brake Hose or Tubing Chafing and/or Kinking - Connection to Power Unit | 4 | 3 | 4 | Vehicle Maint. |
| 393.45(d) | Brake connections with leaks or constrictions | 1 | 0 | 4 | Vehicle Maint. |
| 393.47(e) | Clamp or Roto type brake out-of-adjustment | 4 | 0 | 4 | Vehicle Maint. |
| 393.53(b) | CMV manufactured after 10/19/94 has an automatic airbrake adjustment system that fails to compensate for wear | 2 | 0 | 4 | Vehicle Maint. |
| 393.55(d)(2) | CMV manufactured on/after 3/1/2001 not equipped with ABS malfunction circuit / lamp from towed vehicle in cab. | 1 | 0 | 4 | Vehicle Maint. |
| 393.55(d)(3) | No or Defective ABS Malfunction Indicator for towed vehicles on vehicles manufactured after February 2001 | 5 | 0 | 4 | Vehicle Maint. |
| 393.55(e) | No or Defective ABS Malfunction Indicator Lamp for trailer manufactured after 03/01/1998 | 13 | 0 | 4 | Vehicle Maint. |
| 393.60(d) | Glazing permits < 70% of light | 1 | 0 | 1 | Vehicle Maint. |
| 393.67 | Fuel tank requirement violations | 1 | 0 | 1 | Vehicle Maint. |

| 393.75(a)(3) | Tire-flat and/or audible air leak | 9 | 9 | 8 | Vehicle Maint. |
|---|---|---|---|---|---|
| 393.75(c) | Tire-other tread depth less than 2/32 of inch measured in a major tread groove | 1 | 0 | 8 | Vehicle Maint. |
| 393.78 | Windshield wipers inoperative/defective | 3 | 0 | 1 | Vehicle Maint. |
| 393.9 | Inoperable Required Lamp | 7 | 3 | 2 | Vehicle Maint. |
| 393.95(a) | No/discharged/unsecured fire extinguisher | 2 | 0 | 2 | Vehicle Maint. |
| 393.95(f) | No / insufficient warning devices | 1 | 0 | 2 | Vehicle Maint. |
| 393.9(a) | Inoperative Brake Lamps | 2 | 0 | 6 | Vehicle Maint. |
| 393.9H | Inoperable head lamps | 1 | 0 | 6 | Vehicle Maint. |
| 393.9T | Inoperable tail lamp | 3 | 1 | 6 | Vehicle Maint. |
| 393.9TS | Inoperative turn signal | 3 | 3 | 6 | Vehicle Maint. |
| 396.17(c) | Operating a CMV without proof of a periodic inspection | 1 | 0 | 4 | Vehicle Maint. |
| 396.3(a)(1) | Inspection, repair and maintenance of parts and accessories | 1 | 0 | 2 | Vehicle Maint. |
| 396.3A1BC | Brake-air compressor violation | 1 | 0 | 4 | Vehicle Maint. |
| 396.3(a)1BOS | BRAKES OUT OF SERVICE: The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle or combination | 2 | 2 | 0 | Vehicle Maint. |
| 396.5B-HWSLIW | Hubs - Wheel seal leaking - inner wheel | 3 | 0 | 2 | Vehicle Maint. |

36.     Defendant Bynum Transport has a known pattern and practice of hiring unqualified drivers, who they choose not to properly train, and choose not to supervise.

37.     Defendant Bynum Transport knows the risks and dangers of hiring unqualified drivers, but chooses to do it anyway.

38.     Defendant Bynum Transport knows the risks and dangers of not training its drivers, but chooses to do it anyway.

39.     Defendant Bynum Transport knows the risks and dangers of not supervising its drivers, but chooses to do it anyway.

40.     Defendant Bynum Transport continues this pattern and practice of dangerous conduct even after this crash.

41.     Defendant Johnson was an employee driver of Defendant Bynum Transport.

42.     On the evening of May 24, 2023, a Commercial Truck owned by Defendant Bynum Transport, Commercial Tanker owned by Bynum Leasing, and operated by

Defendant Johnson travels eastbound on Interstate 10 at or around milepost 103, in Tonopah, Arizona.



43.    A commercial tanker is entrusted to Defendants Bynum Transport and Johnson by Defendant Bynum Leasing.

44.    Defendant Bynum Leasing chooses not to maintain the attached tanker in a safe working order.

45.    Defendant Johnson is travelling in the right lane and/or lane number two.

46.    Defendant Johnson acts in the course and scope of his employment with Defendant Bynum Transport.

47.    Upon information and belief, Defendant Johnson drives over the maximum allowed safe driving hour limits.

48.    Upon information and belief, Defendant Johnson chooses to drive fatigued.

49.    Upon information and belief, Defendant Johnson chooses to drive drowsy.

50.    Defendant Johnson chooses to drive distracted.

51.    Defendant Johnson chooses to eat chips while operating Defendant Bynum Transport and Bynum Leasing's Commercial Tanker Truck.

52.    Defendant Johnson chooses not to pay attention to the traffic in front of him.

53.    Defendant Johnson approaches warning triangles located in the lane he is travelling in.

54.    Defendant Johnson is distracted and does not notice the warning triangles he is approaching.

55.    Defendant Johnson does not slow down as he approaches the warning triangles.

56.    Defendant Johnson does not slow down as he approaches the disabled green tractor.

57.    Defendant Johnson does not merge to the left lane to avoid the warning triangles.

58.    A disabled green tractor is located on the right shoulder following the warning triangles.

59.    The right lane and/or lane number two is partially blocked by the disabled tractor.

60.    Defendant Johnson does not merge to the left lane to avoid smashing into the disabled green tractor.

61. Defendant Johnson does not slow down as he approaches the disabled green tractor.

62. Defendant Johnson smashes into the rear of the disabled green tractor at a high rate of speed.

63. The high-speed impact pushes the disabled green tractor further into the right shoulder.

64. Defendant Bynum Transport and Bynum Leasing's Commercial Tanker truck rolls.



65. The Decedent is inside the disabled green tractor.

66. As a result of the collision, Decedent dies.

67. Defendant Johnson has a history of driving distracted.

68. Defendant Johnson has a history of speeding.

69. Defendant Johnson has a history of driving unsafely.

70. Defendant Bynum Transport chose to employ Defendant Johnson and

continue to employ Defendant Johnson in spite of the fact that he had a history of distracted driving, speeding, and driving unsafely.

71.     Defendant Bynum Transport has a history of hiring, and using unsafe drivers who are found to be out of service.

72.     Defendants knew or should have known that their conduct and choice not to use reasonable care foreseeably and predictably could cause severe harm and lacked precautions to eliminate, prevent or reduce the risk of harm and death.

73.     Defendants knew or should have known that approximately 5,500 people are killed each year on U.S. roadways and an estimated 448,000 are injured in motor vehicle crashes involving distracted driving.

74.     The force of Defendants' Commercial Tanker Truck was a cause of Decedent's death.

## NEGLIGENT HIRING – DEFENDANT BYNUM TRANSPORT

75.     Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

76.     Defendant Bynum Transport, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent, or reduce the risk of foreseeable injury, death or damage to others on or near the road.

77.    Defendant Bynum Transport has an independent and direct duty to hire employees who are competent to operate commercial vehicles and understand and adhere to basic principles of safety.

78.    Defendant Bynum Transport knew or should have known that it is foreseeable for harm or death to a third person to result from failing to act reasonably in hiring Defendant Johnson.

79.    Defendant Bynum Transport failed in the above-mentioned duties and is therefore negligent because Defendant Johnson committed a tort against Decedent by driving distracted and smashing into the back of Decedent's tractor.

80.    Defendant Bynum Transport's act of negligent hiring is individually and/or combined a direct cause of Decedent's death because but for Defendant Bynum Transport's failure to act reasonably and safely in hiring Defendant Johnson, Decedent would not have been killed.

81.    Defendant Bynum Transport's act of negligent hiring is individually and/or combined a proximate cause and contributed to the death of Decedent because it is foreseeable that failing to act reasonably and safely in its hiring practices would cause harm or death to others, including Decedent.

82.    Defendant Bynum Transport's negligent hiring directly and proximately caused and contributed to the death of Decedent.

## **NEGLIGENT TRAINING – DEFENDANT BYNUM TRANSPORT**

83.    Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

14

84.    The FMCSA compiles data. Upon information and belief, the SAFER website of the FMCSA displays the following hours-of-service, unsafe driving and unsafe driver violations of Defendant Bynum Transport based on a 24-month record ending January 26, 2024:

| Violations | Description | # Violations | # OOS Violations | Violation Severity Weight |
|---|---|---|---|---|
| 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit. | 12 | 0 | 4 |
| 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit. | 9 | 0 | 7 |
| 392.2LV | Lane Restriction violation | 5 | 0 | 3 |
| 392.2C | Failure to obey traffic control device | 4 | 0 | 5 |
| 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone. | 3 | 0 | 10 |
| 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit. | 2 | 0 | 10 |
| 392.22(a) | Failing to use hazard warning flashers | 2 | 0 | 1 |
| 392.2PK | Unlawfully parking and/or leaving vehicle in the roadway | 2 | 0 | 1 |
| 392.82(a)1 | Using a hand-held mobile telephone while operating a CMV | 2 | 0 | 10 |
| 392.16 | Failing to use seat belt while operating a CMV | 1 | 0 | 7 |
| 392.2DH | Headlamps - Failing to dim when required | 1 | 0 | 3 |
| 392.2LC | Improper lane change | 1 | 0 | 5 |
| 392.80(a) | Driving a commercial motor vehicle while Texting | 1 | 0 | 10 |
| 392.82DUMT | Driver - Using a hand-held mobile telephone. | 1 | 0 | 10 |
| 395.30B1 | Driver failed to certify the accuracy of the information gathered by the ELD | 3 | 0 | 1 |
| 395.24C2II | Driver failed to manually add the trailer number | 2 | 0 | 1 |
| 395.20B | The ELDs display screen cannot be viewed outside of the commercial motor vehicle. | 1 | 0 | 5 |
| 395.24C2III | Driver failed to manually add shipping document number | 1 | 0 | 1 |
| 395.3A3-PROP | Driving beyond 11 hour driving limit. (Property Carrying Vehicle) | 1 | 0 | 7 |
| 395.8 | Record of Duty Status violation (general/form and manner) | 1 | 0 | 1 |
| 395.8(e)(1)PC | False Record of Duty Status - Improper use of Personal Conveyance Exception | 1 | 0 | 7 |
| 395.8A-ELD | ELD - No record of duty status (ELD Required) | 1 | 1 | 5 |

85.    Defendant Bynum Transport as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent or reduce the risk of foreseeable injury, death, or damage to others on or near the road.

86.    Defendant Bynum Transport had an independent and direct duty to act reasonably and safely in training its drivers, including Defendant Johnson.

87.    Defendant Bynum Transport has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

88.    Defendant Bynum Transport has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

89.    Defendant Bynum Transport has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance.

90.    Defendant Bynum Transport knew or should have known that it is foreseeable for harm to result from failing to act reasonably in training its drivers.

91.    Defendant Bynum Transport chose not to properly train its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Johnson committed a tort against Decedent by driving distracted and smashing into the back of Decedent's tractor.

92.    Defendant Bynum Transport's act of negligent training is individually and/or combined a direct cause of Decedent's death because but for Defendant Bynum's failure to act reasonably and safely in training Defendant Johnson, Decedent would not have been killed.

93.     Defendant Bynum Transport's act of negligent training is individually and/or combined a proximate cause of Decedent's injuries because it is foreseeable that failing to act reasonably and safely in its training practices would cause harm or death to others, including Decedent.

94.     Defendant Bynum Transport's negligent training directly and proximately caused and contributed to the death of Decedent.

## NEGLIGENT SUPERVISION & RETENTION –

## DEFENDANT BYNUM TRANSPORT

95.     Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

96.     The FMCSA compiles data. Upon information and belief, the SAFER website of the FMCSA displays the following hours-of-service, unsafe driving and unsafe driver violations of Defendant Bynum Transport based on a 24-month record ending January 26, 2024:

| Violations | Description | # Violations | # OOS Violations | Violation Severity Weight |
|---|---|---|---|---|
| 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit. | 12 | 0 | 4 |
| 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit. | 9 | 0 | 7 |
| 392.2LV | Lane Restriction violation | 5 | 0 | 3 |
| 392.2C | Failure to obey traffic control device | 4 | 0 | 5 |
| 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone. | 3 | 0 | 10 |
| 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit. | 2 | 0 | 10 |
| 392.22(a) | Failing to use hazard warning flashers | 2 | 0 | 1 |
| 392.2PK | Unlawfully parking and/or leaving vehicle in the roadway | 2 | 0 | 1 |
| 392.82(a)1 | Using a hand-held mobile telephone while operating a CMV | 2 | 0 | 10 |
| 392.16 | Failing to use seat belt while operating a CMV | 1 | 0 | 7 |
| 392.2DH | Headlamps - Failing to dim when required | 1 | 0 | 3 |
| 392.2LC | Improper lane change | 1 | 0 | 5 |
| 392.80(a) | Driving a commercial motor vehicle while Texting | 1 | 0 | 10 |
| 392.82DUMT | Driver - Using a hand-held mobile telephone. | 1 | 0 | 10 |

| | | | | |
|---|---|---|---|---|
| 395.30B1 | Driver failed to certify the accuracy of the information gathered by the ELD | 3 | 0 | 1 |
| 395.24C2II | Driver failed to manually add the trailer number | 2 | 0 | 1 |
| 395.20B | The ELDs display screen cannot be viewed outside of the commercial motor vehicle. | 1 | 0 | 5 |
| 395.24C2III | Driver failed to manually add shipping document number | 1 | 0 | 1 |
| 395.3A3-PROP | Driving beyond 11 hour driving limit. (Property Carrying Vehicle) | 1 | 0 | 7 |
| 395.8 | Record of Duty Status violation (general/form and manner) | 1 | 0 | 1 |
| 395.8(e)(1)PC | False Record of Duty Status - Improper use of Personal Conveyance Exception | 1 | 0 | 7 |
| 395.8A-ELD | ELD - No record of duty status (ELD Required) | 1 | 1 | 5 |

97.    Defendant Bynum Transport, as a Motor Carrier operating in Interstate Commerce under DOT authority, has a duty to use the degree of care, skill, and judgment which a reasonably careful motor carrier would exercise under similar circumstances to eliminate, prevent, or reduce the risk of foreseeable injury, death or damage to others on or near the road.

98.    Defendant Bynum Transport has an independent and direct duty to act reasonably and safely in supervising its employees, including Defendant Johnson.

99.    Defendant Bynum Transport has a duty to promulgate, instruct, comply with and to require its drivers to comply with all applicable rules and regulations to ensure its drivers and vehicles were reasonably safe.

100.    Defendant Bynum Transport has a duty under applicable federal law that whenever a duty is prescribed for a driver or a prohibition is imposed upon a driver, it shall be the duty of the Motor Carrier to require observance of such duty or prohibition.

101.    Defendant Bynum Transport has a duty to write, create or otherwise enact and a duty to have in place policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair, and maintenance. Such a duty includes properly

supervising its business operations by monitoring the driving habits and records of its drivers in compliance with federal regulations and industry standards.

102.    Defendant Bynum Transport knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in supervising Defendant Johnson.

103.    Defendant Bynum Transport knew or should have known that it is foreseeable for harm to a third person to result from failing to act reasonably in retaining Defendant Johnson.

104.    Defendant Bynum Transport chose not to supervise and enforce its drivers to comply with all applicable safety rules and regulations and is therefore negligent because Defendant Johnson committed a tort against Decedent by driving distracted and smashing into the back of Decedent's tractor.

105.    Defendant Bynum Transport's breach of its duties regarding retention and supervision are each individually and/or combined a direct cause of the death of the Decedent because but for Defendant Bynum Transport's failure to act reasonably and safely in supervising and retaining Defendant Johnson, Decedent would not have been killed.

106.    Defendant Bynum Transport's breach of its duties regarding retention and supervision are each individually and/or combined a direct cause of the death of Decedent because it is foreseeable that failing to act reasonably and safely in supervising and retaining Defendant Johnson would cause harm or death to others, including Decedent.

107.    Defendant Bynum Transport's negligent supervision and retention of its employees directly and proximately caused and contributed to the death of Decedent.

### NEGLIGENT ENTRUSTMENT– DEFENDANT BYNUM TRANSPORT

108.    Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

109.    Defendant Bynum Transport has a duty to entrust its equipment only to drivers who have been trained in the safe operation of that equipment and who are competent in that operation.

110.    Defendant Bynum Transport has a duty to entrust its Commercial Tanker Truck only to drivers who are healthy and competent enough to keep a safe lookout and safely operate their truck.

111.    Defendant Bynum Transport breached its duty when it entrusted its Commercial Tanker Truck to a driver who did not have the requisite health and knowledge and training.

112.    Defendant Bynum Transport's negligent entrustment directly and proximately caused and contributed to the death of Decedent.

### STATUTORY VIOLATIONS – DEFENDANT BYNUM TRANSPORT

113.    Plaintiffs reincorporate and re-allege each preceding paragraph as if fully set forth herein.

114.    Upon information and belief, Defendant Bynum Transport violated and encouraged Decedent to violate state and federal statute and regulations, including but not limited to *Arizona Revised Statues § 28-701(A)* and *49 C.F.R. §383, et seq.; §385, et*

*seq.; §390, et seq.; §391, et seq.; §392 et seq.; §393 et seq.; §395, et seq.; and §396 et seq.*

115.    Defendant Bynum Transport's statutory violations directly and proximately caused and contributed to the death of Decedent.

116.    Defendant Bynum Transport is negligent *per se* based on these statutory and regulatory violations.

## RESPONDEAT SUPERIOR – DEFENDANT BYNUM TRANSPORT

117.    Plaintiff incorporates each and every allegation previously set forth as if set forth herein.

118.    Defendant Bynum Transport was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant Bynum Transport was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

119.    At all times material hereto, Defendant Bynum Transport was the employer of Defendant Johnson as defined by the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 383.5 and/or 390.5.

120.    At all relevant times, Defendant Johnson was/is an employee, agent, servant, or independent contractor for Defendant Bynum Transport and was acting within the course and scope of his employment, under the direct control of Defendant Bynum Transport.

121.    At the time of the subject collision, Defendant Johnson was operating a commercial vehicle under dispatch and under the authority granted to Defendant Bynum Transport by the Federal Motor carrier Safety Administration.

122.    Accordingly, Defendant Bynum Transport is vicariously liable for the negligent actions and omissions of Defendant Johnson under the doctrine of *respondeat superior* and/or the rules of agency.

## NEGLIGENT MAINTENANCE – DEFENDANT BYNUM LEASING

123.    Plaintiffs reincorporate and re-allege each preceding paragraph as if fully set forth herein.

124.    At all times relevant, Defendant Bynum Leasing has a duty to inspect, repair, and maintain the tanker it supplies to motor carriers.

125.    Upon information and belief, Defendant Bynum Leasing failed in the above-mentioned duties and violated state and federal statutes and regulations.

126.    Defendant Bynum Leasing's negligent maintenance directly and proximately caused and contributed to Mr. Silin's death.

127.    Defendant Bynum Leasing is negligent *per se* based on these statutory and regulatory violations.

## NEGLIGENT ENTRUSTMENT – DEFENDANT BYNUM LEASING

128.    Plaintiffs reincorporate and re-allege each preceding paragraph as if fully set forth herein.

129.    Defendant Bynum Leasing has a duty to entrust its equipment only to companies who have trained their drivers in the safe operation of that equipment and who

are competent in that operation.

130.    Defendant Bynum Leasing breached its duty when it entrusted its tanker to Defendants Bynum Transport and Defendant Johnson who did not have the requisite knowledge and/or training in violation of state and federal statutes and regulations.

131.    Defendant Bynum Leasing's negligent entrustment directly and proximately caused and contributed to Mr. Silin's death.

## JOINT VENTURE / ENTERPRISE –

## DEFENDANTS BYNUM TRANSPORT, BYNUM LEASING, AND JOHNSON

132.    Plaintiffs reincorporate and re-allege each preceding paragraph as if fully set forth herein.

133.    At all relevant times, Defendants Bynum Transport and Bynum Leasing entered into an agreement to jointly operate and profit from the commercial transportation of goods using the tanker truck involved in the subject collision.

134.    Both defendants contributed resources to the venture, including but not limited to the tanker truck (provided by Bynum Leasing) and the operational authority and/or personnel (provided by Bynum Transport).

135.    Defendants agreed to share in the profits generated by the transportation activities and to bear any losses or liabilities arising from the operation of the tanker truck.

136.    Both defendants exercised joint control and management over the transportation operations, including decisions regarding the use of the tanker truck, hiring and supervision of drivers, and compliance with regulatory requirements.

137.    At the time of the subject collision, the commercial vehicle and tanker truck were being operated in furtherance of the joint venture, and the driver was acting on behalf of both defendants.

138.    As a direct and proximate result of the negligent operation of the commercial vehicle and tanker truck in the course of the joint venture, Plaintiff suffered catastrophic injuries and damages.

139.    Defendants Bynum Leasing and Bynum Transport are jointly and severally liable for all damages resulting from the acts and omissions of their joint venture.

## NEGLIGENCE - DEFENDANT JOHNSON

140.    Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

141.    At all times material hereto, Defendant Johnson was a professional driver with a commercial driver's license (CDL).

142.    At all times material hereto, Defendant Johnson was driving a commercial motor vehicle in interstate commerce and was subject to not only Arizona traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

143.    Defendant Johnson has a duty to use the degree of care, skill, and judgment which an ordinary, reasonably careful CDL professional driver would exercise under similar circumstances to eliminate, prevent, or reduce the risk of foreseeable injury or damages.

144.    Defendant Johnson negligently chose to breach the duty he owed to others on or near the road, including Decedent, in one or more of the following ways:

a.  Driving while distracted and/or fatigued;

b.  Failing to drive defensively;

c.  Failing to operate the Commercial Tanker Truck at a careful and prudent speed not greater than what was reasonable and proper under the circumstances and conditions; and

d.  Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

145.    Defendant Johnson failed in the above-mentioned duties by failing to control his vehicle, causing a rear-end crash and was therefore negligent.

146.    Defendant Johnson's negligence directly and proximately caused and contributed to the death of Decedent.

## STATUTORY VIOLATIONS - DEFENDANT JOHNSON

147.    Plaintiff reincorporates and re-alleges each preceding paragraph as if fully set forth herein.

148.    Upon information and belief, Defendant Johnson violated state and federal statutes and regulations, including but not limited to *Arizona Revised Statues § 28-701(A)* and *49 C.F.R. §383, et seq.*; *§385, et seq.*; *§390, et seq.*; *§391, et seq.*; *§392, et seq.*; *§393, et seq.*; *§395, et seq.*; and *§396, et seq.*

149.    Defendant Johnson is negligent *per se* based on these statutory and regulatory violations.

150.    Defendant Johnson's statutory violations directly and proximately caused and contributed to the death of Decedent.

## WRONGFUL DEATH –

## DEFENDANTS BYNUM TRANSPORT, BYNUM LEASING & JOHNSON

151.    Plaintiffs reincorporate and re-allege each preceding paragraph as if fully set forth herein.

152.    The negligence of Defendants directly and proximately caused and contributed to the death of Decedent.

153.    As a result of Decedent's death caused by Defendants, Plaintiff suffered pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced for the rest of her life.

154.    As a further consequence of Decedent's death caused by Defendants, Plaintiff suffered actual loss of love, affection, companionship, care, protection, and guidance since Decedent's death and in the future, pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future, all in an amount to be determined at trial.

## PUNITIVE DAMAGES –

## DEFENDANTS BYNUM TRANSPORT, BYNUM LEASING & JOHNSON

155.    Plaintiffs reincorporate and re-allege each preceding paragraph as if fully set forth herein.

156.    The actions of Defendants demonstrate an evil mind, because they acted to serve their own business interests, having reason to know and consciously disregarding a substantial risk that its conduct might significantly injure the rights of others.

157.    The actions of Defendants demonstrate an evil mind, because it consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

158.    The actions of Defendants demonstrate a conscious disregard for the rights and safety of Decedent and the rest of the public.

159.    The actions of Defendants directly and proximately caused and contributed to the death of Decedent.

160.    Plaintiff demands punitive damages against Defendants.

**WHEREFORE**, Plaintiff Tatyana Fadeyeva, prays for judgment against Defendants and each one as set forth hereinabove as follows:

a)  For general damages, including but not limited to the pain, grief, sorrow, stress, shock, and mental suffering already suffered and reasonably probable to experience in the future; the loss of love, affection, companionship, care, protection, and guidance since the death of the decedent and in the future, in a fair, just and reasonable sum;

b)  For punitive damages;

c)  For Plaintiff's costs incurred herein;

d)  For interest on damages at the statutory rate from the time incurred; and

e)  For such other and further relief as the Court may deem just and proper.

///

///

DATED this 14th day of May, 2025.

**SKIVER BRADLEY, PLLC**

By: */s/ Ryan Skiver*
          Ryan Skiver, Esq.
          Kellen Bradley, Esq.
          3943 E. Whitton Ave.
          Phoenix, AZ 85018
          *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of May, 2025, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kira Barrett, Esq.
Matthew Epstein, Esq.
Clyde & Co US LLP
400 E. Van Buren St., Suite 440
Phoenix, AZ 85004
Kira.Barrett@clydeco.us
Matthew.Epstein@clydeco.us
*Attorneys for Defendants Bynum Transport, Inc. and Cedric Anthony Johnson*

<u>By: /s/ Sergina Hawkins</u>